[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12329

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HECTOR CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80119-DMM-2

_____

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Hector Castro, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motions for compassionate release and seeking appointment of counsel. The government, in turn, moves for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

## I.

Castro pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. For this crime, he received a sentence of 240 months' imprisonment.

Several years after he was sentenced, Castro, proceeding *pro se*, filed a motion for compassionate release in the district court. He claimed that he was eligible for a sentence reduction because he suffered from underlying health conditions that put him at a greater risk of developing severe health consequences if he contracted COVID-19. Castro also requested that the court appoint counsel to assist him in requesting a sentence reduction.

The district court denied Castro's motion for compassionate release for two reasons. First, the court found that Castro failed to demonstrate that his medical conditions established "extraordinary

or compelling grounds" for a sentence reduction. Doc. 388.[1] Second, the court concluded that a sentence reduction was not warranted under the sentencing factors set forth at 18 U.S.C. § 3553(a).[2] Regarding the § 3553(a) factors, the court focused on the "nature of [Castro's] crime and the limited portion of time he [had] served" on his sentence. *Id.* The district court also denied Castro's request for appointment of counsel.

This is Castro's appeal. After Castro filed his appellant's brief, the government filed a motion for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We review *de novo* whether a prisoner is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c). As relevant for our purposes, a district court may reduce a prisoner's term of imprisonment only if the court finds that three requirements are satisfied: (1) there are "extraordinary and compelling reasons" for granting a sentence reduction; (2) "the § 3553(a) sentencing factors favor" a reduction; and (3) awarding a sentence reduction "wouldn't endanger any

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

person or the community." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements. *See Giron*, 15 F.4th at 1347–48.

Here, we agree with the government that summary affirmance is appropriate. There is no substantial question that the district court acted within its discretion when it concluded that the § 3553(a) factors did not support a sentence reduction.

On appeal, Castro argues that he was eligible for relief because he demonstrated that there were extraordinary and compelling reasons for a sentence reduction. But he does not address the district court's alternative basis for denying relief: its weighing of the § 3553(a) sentencing factors. When a district court sets forth multiple reasons for a decision and the appellant "fails to challenge properly on appeal one of the grounds on which the district court based its judgment," he is deemed to have forfeited "any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Because the district court relied on its weighing of the § 3553(a) factors as one of two alternative grounds for denying the motion for compassionate release and Castro failed to challenge this ground on appeal, the decision of the district court is due to be affirmed. *See Sapuppo*, 739 F.3d at 680.

But even assuming that Castro had challenged the district court's weighing of the § 3553(a) factors, we cannot say that the district court abused its discretion in concluding that the factors did not support a reduction. After all, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). We thus affirm the district court's order denying Castro's motion for compassionate release.[4]

Castro also argues on appeal that the district court erred in denying his motion for appointment of counsel. But a defendant has no constitutional or statutory right to counsel in proceedings under § 3582(c) in which he seeks a sentence reduction. *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009). Instead, "the decision to appoint an attorney is left to the discretion of the district court." *Id.* And we cannot say that the district court abused its discretion in denying his motion. *See id.*

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY its motion to stay the briefing

---

[4] Given this determination, we need not address Castro's argument that the district court erred in concluding that he failed to demonstrate extraordinary and compelling reasons for a sentence reduction. *See Tinker*, 14 F.4th at 1237–38.

22-12329                Opinion of the Court                7

schedule as moot. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *see also* 11th Cir. R. 31-1(c).[5]

---

[5] Also pending before the Court is Castro's motion seeking leave to file a supplemental brief, which he attached to this motion. The motion is GRANTED. We have considered his supplemental brief. In the supplemental brief, Castro also requests that we appoint counsel to assist him on appeal. We deny this request.